Milton-Alvin Holding Co., Inc., Landlord-Respondent, *v.* Mary Williams, Tenant, and Isidore Garlick and Others, Under-tenants; Mary Williams, Tenant-Appellant.

(Supreme Court, Appellate Term, Second Department, December, 1917.)

Landlord and tenant — lease — summary proceedings — subtenants — appeal.

A ten years' lease of a plot of land, under which the tenant erected sixteen bungalows which were sublet for the season

Appellate Term, Second Department, December, 1917. [Vol. 102.

of 1917 to various persons who agreed to pay the rent in installments the last of which was to be paid not later than August 1, 1917, provided that after the first two years and for the remainder of the term the tenant should pay as rent a sum equivalent to one-half of the rental or income received from the subtenants and that such rent should be paid in each year of the term "as soon as the same has been collected by her (tenant) for each year from the occupants of all the bungalows." *Held,* that it was the intention of the parties that one-half of the rents as collected should become the property and be turned over to the landlord as soon as collected.

Where in a summary proceeding instituted July 14, 1917, to dispossess the tenant for nonpayment of rent, it appeared that the tenant had collected from the subtenants an aggregate sum, and there was a finding that one-half said amount was due to the landlord from the tenant, a final order ousting her for failure to pay said sum will be affirmed.

Benedict, J., dissents.

Tenant appeals from a final order and from an order denying her motion for a new trial in a proceeding to recover the possession of property for the nonpayment of rent.

Samuel Bitterman, for appellant.

Samuel A. Berger, for respondent.

Callaghan, J. This proceeding was brought to oust the tenant from certain premises on Sheepshead Bay, in the borough of Brooklyn, New York city, for the failure to pay rent. The premises consisted of a plot of land upon which was erected by the tenant sixteen bungalows in accordance with the terms of the lease. The bungalows were sublet by the tenant for the season of 1917 to various subtenants. The subtenants agreed to pay their rent in installments, the last installment to be paid not later than the 1st day of August, 1917.

The lease was in writing and originally made between one Harriet Cohen, as landlord, and Mary Williams, as tenant. Harriet Cohen transferred the property and assigned the lease to the Milton-Alvin Holding Company, and this proceeding is brought in the name of the owner.

The lease provided, among other things, that the tenant would erect sixteen frame bungalows upon the premises and would pay $1,800 per annum as rent for the first two years; and for the remainder of the term, which is eight years, a sum equivalent to one-half of the rental, or income, received by the tenant from the subtenants. The lease further provided that such rent would be paid in each year of the term, " as soon as the same has been collected by her (tenant) for each year from the occupants of all the bungalows." The owner was to pay the taxes and assessments, and upon his failure to pay them the tenant was to have the privilege of paying those charges and deduct the amount of such payments from the rental, but it does not appear from the record that any default in the payment of these charges has been suffered by the landlord.

It appeared upon the trial of this action that at the time of the beginning of this proceeding, which was the 14th day of July, 1917, the tenant had collected from all the subtenants sums aggregating $1,704.28. The trial judge found that one-half of that amount, i. e., $852.14, was due to the landlord from the tenant, and entered a final order ousting the tenant for failure to pay that sum.

It is the contention of the tenant that the lease did not create the relation of landlord and tenant; that the relation existing was that of partners, and that the landlord was relegated to an action for an accounting. That contention has little weight. The lease between the parties was complete in all its terms. It was

specific as to the time and the property covered thereby; and, although the amount is not specifically stated, it is only a matter of the simplest calculation to determine the amount to be paid in cash each year as rent. The lease is definite in its terms and is as complete as any document for the leasing of real property could be. The mere fact that the rent was fixed at one-half of the amount collected from subtenants does not change the character of the document, or the relation between the parties.

The real controversy before us, however, is the question as to whether or not this proceeding was prematurely brought. The precept is dated July 14, 1917. The lease provides that the rent should be paid by the tenant in each year '' as the same has been collected by her for each year from the occupants of all the bungalows.'' I am satisfied that it was the intention of the parties to this lease that one-half of rents as collected should become the property and be turned over by the tenant to the landlord as soon as collected from the subtenants. To hold otherwise would be to place a construction upon this lease which would allow the tenant to resist payment of the rent until she had collected the entire sum from all the tenants, and, to carry such an argument to its logical conclusion, one would have to say that if one of the subtenants failed or refused to pay all his rent for a given year the landlord could not enforce payment of the rent. Of course, this the parties never intended.

There is nothing in the lease except the provision whereby the tenant may, upon default of the landlord in the payment of taxes and other charges, pay and deduct the amount so paid from the amount of the rent stipulated to be paid, and so far as the record here discloses there is no claim that she has been compelled to make such payments, or that she is entitled to any

deductions whatever. So that in no event can the amount due for rent be diminished, that is, when she had collected from the subtenants any sum, one-half of such amount belonged to the landlord and was due to him without any right of the tenant to make any deductions whatever.

In placing this construction upon the lease we are not, as has been suggested, making a new lease for the parties. We are simply construing the lease which they themselves have made.

The final order and the order denying the motion for a new trial should be affirmed, with costs.

CLARK, J., concurs.

BENEDICT, J. (dissenting). I am in accord with my associates in the conclusion that no partnership relation arose by virtue of the lease between the parties; but I cannot follow them in holding that the proceeding was not prematurely brought. The result reached by them — meritorious though it may be — is not, in my opinion, within our power to attain. The parties themselves made an elaborate agreement of lease defining their mutual rights and obligations concerning an important business enterprise in which they were to be mutually concerned for a term of ten years with a privilege of a renewal for five years longer at the option of the tenant. That which they deliberately chose to stipulate is binding upon them. The court cannot change the terms of the agreement nor substitute a new one in its place. Construction — not creation — of the contract is the function of the court. The language employed by the parties must be given its usual interpretation, and, as I read the mooted clause, the language is entirely plain and unambiguous. When the proceeding was begun some of the rentals from

subtenants (in seven cases out of fourteen) had not become due and it followed that the rentals had not then been collected from the occupants of all the bungalows for the year in question. Hence there was no default, and the court below was without jurisdiction to grant a final order in summary proceedings terminating the relation of landlord and tenant as upon the tenant's failure to pay the rent reserved. I shall not pursue the subject further, except to observe that, even if the lease could be deemed to be ambiguous on the point in question, any doubt should be resolved in favor of the tenant who accepted the lease rather than in favor of the landlord who prepared and proffered it

Order affirmed, with costs.